**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CASE NO.:

SURGERY CENTER OF VIERA, LLC,

    *Plaintiff*,

vs.

CIGNA HEALTH AND LIFE INSURANCE
COMPANY,

    *Defendant*.

_____/

**COMPLAINT**

Plaintiff, Surgery Center of Viera, LLC ("SCV"), sues Defendant, Cigna Health and Life Insurance Company ("Cigna"), as follows:

**NATURE OF THE ACTION, PARTIES,
JURISDICTION, AND VENUE**

1. This action arises out of Cigna's wrongful refusal to abide by a letter of agreement entered into with SCV in August 2016 (the "LOA," attached hereto as **Exhibit A**), and accordingly advances counts for breach of contract, unjust enrichment, quantum meruit, and violation of Florida Statutes.

2. At all material times, SCV performed medical services on a Cigna insured, J.Q., pursuant to the terms of the LOA, with Cigna's express promise to pay a flat 50% rate for the express services (*i.e.*, express CPT codes) performed on the express patient (J.Q.).

3. At all material times, SCV was a medical provider and a Florida limited liability company with its citizenship (*i.e.*, principal place of business / "nerve center") in Viera, Florida,

Brevard County.  SCV is *sui juris* in all respects.  SCV's members are as follows: (a) Dr. Ara Deukmedjian, domiciled in Brevard County, Florida, (b) Sun Deukmedjian, domiciled in Brevard County, Florida, and (c) Dr. Bharat Patel, domiciled in Brevard County, Florida.

4.	Upon information and belief, Cigna was an insurance company with its citizenship (*i.e.*, principal place of business / "nerve center") in the State of Connecticut and engaged in the business of selling and / or administering health insurance, issuing letters of agreements / contracts with providers, and / or deciding health insurance / LOA claims.

5.	This Court possesses jurisdiction pursuant to Title 28, United States Code, Section 1132, as the parties are diverse and the amount in controversy exceeds $75,000.00.

6.	Venue is proper in the Middle District Court of Florida pursuant to Title 28, United States Code, Section 1391(b), since, for examples, (a) a substantial part of the events or omissions giving rise to the subject action occurred in this jurisdiction, such as the subject medical services and Cigna's refusal to pay the subject insurance claim (both at the initial claim and subsequent pre-suit appeal stages) through its refusal to honor the LOA, and (b) the Orlando Division of this Court has personal jurisdiction (due to minimum contacts in this forum).

7.	All conditions precedent to the institution of this action (*e.g.*, administrative pre-suit appeals) have occurred, been performed, been waived, and / or were futile.

## COMMON ALLEGATIONS

8.	At all material times, J.Q. was a participant in a health insurance plan offered by J.Q.'s employer, DynCorp International, LLC.  This plan was called the DynCorp International LLC Benefits Plan for Employees in the Continental United States Plan (the "Plan") and bared

Cigna ID Card Account No. 2499295.[1] At all material times, prior to surgery, J.Q. suffered from bilateral lumbar radiculopathy, leg pain, and radicular symptomatology.

9. Prior to surgery, by letter dated August 9, 2016, on Cigna letterhead and entitled "Letter of Agreement," Cigna contracted with SCV to pay 50% of SCV's total charges in relation to the services (CPT/ Rev Codes 22899 x 4) to be rendered to J.Q. *See* Ex. A.

10. And, so, on August 17, 2016, SCV operated on J.Q. to remedy J.Q.'s medical conditions.

11. SCV's full charges for the subject medical services rendered to J.Q. totaled $145,860.00, and a claim package was submitted to Cigna relating the same with request for Cigna to satisfy the LOA / contractual 50% flat rate.

12. By way of a document called the Provider Explanation of Benefits (the "EOB") dated June 9, 2017, on Cigna letterhead, Cigna refused to pay SCV for the J.Q. surgery.

13. By way of Cigna provided form entitled "Request for Health Care Professional Payment Review," dated June 21, 2017, SCV appealed the claim denial.[2]

14. By letter dated December 19, 2017, undersigned counsel advised Cigna of his SCV representation and asked the carrier to provide germane documentation / information (sometimes called a claim file or an administrative record).

15. By letter dated January 9, 2018, Cigna produced some records related to the J.Q. claim to undersigned counsel, including a January 5, 2018, final decision letter.

16. By way of the aforementioned January 5, 2018, letter, Cigna wrongly upheld the

---

[1] This Plan document is not attached to the Complaint as a "necessary" instrument because it is anything but a necessary instrument for the resolution of this dispute; *i.e.*, the Plan document is not at all needed here in order for Cigna to be made to finally honor the LOA / contract (Ex. A).

[2] Along with this form, SCV sent Cigna all of the germane claim documentation in SCV's possession, including the original claim mailing packet, the EOB, and the August 9, 2016, LOA.

original claim decision predicated on made-up nonsense that the procedure coded as 22899 (laser disc surgery) was now all-of-the-sudden experimental / investigational purportedly pursuant to a Cigna guideline ("Cigna Medical Coverage Policy – 0139 Minimally Invasive Intradiscal / Annular Procedures and Trigger Point Injections) applicable to all of its health insurance plans (*i.e.*, not unique to the Plan). "Nonsense" because, as now discussed, Cigna (under identical LOAs to the subject LOA) paid out the identical 50% agreed upon flat rate for the identical medical procedure (CPT Code 22899) performed by SCV for multiple other Cigna insureds throughout 2016. Meaning, there was / is absolutely nothing experimental / investigational about CPT Code 22899 … that is, until Cigna apparently decided it no longer liked its LOA arrangement with SCV.

17. More specifically, through much of 2016, Cigna executed LOAs with SCV in relation to other patients identical to the LOA at issue here (Ex. A), *and all of those other LOAs (attached hereto as composite **Exhibit B**) involved the same exact code that Cigna promised to pay in the LOA pertaining to J.Q. – CPT/ Rev Code 22899, relating to laser disc surgery.*

18. *Cigna honored the Exhibit B LOAs (i.e., paid out 50% on 22899). Why? Because, again, there was / is absolutely nothing experimental / investigational about the procedure involved with 22899, which such experimental / investigational nonsense (purportedly predicated on the aforementioned Cigna guideline applicable to all of its health insurance plans) was Cigna's professed basis for not honoring the subject LOA (Ex. A); i.e., not paying out on the J.Q. claim as it did with every single other LOA-related claim in 2016 leading up to the J.Q. claim.*

19. As it relates to the February 24, 2016, LOA, *see* Ex. B, involving surgery for Cigna insured / SCV patient N.K. and involving CPT Code 22899, Cigna honored the LOA; *i.e.*, paid out 50% on the 22899 code(s). *Because again, there was / is absolutely nothing experimental / investigational about the procedure involved with 22899, at the very least according to Cigna's*

4

*clinical guideline (which is really all that matters).*[3]

20. As it relates to J.Q. himself (for an earlier cervical surgery), Cigna honored a March 1, 2016, LOA. *See* Ex. B. Put differently, for a J.Q. cervical surgery earlier in 2016, Cigna paid out 50% on CPT Code 22899. *Because again, there was / is absolutely nothing experimental / investigational about the procedure involved with 22899 code(s), at the very least according to Cigna's clinical guideline (which is really all that matters).* That is, until J.Q. returned later in 2016 for lumbar surgery (the subject LOA, Ex. A) and Cigna had decided in no longer wished to proceed with SCV in a LOA fashion and accordingly manufactured an experimental / investigational theory purportedly grounded in its clinical guideline, which such guideline would have also applied for all the other 2016 surgeries involving CPT Code 22899 leading up to the subject LOA surgery in August 2016.

21. As it relates to the May 17, 2016, LOA, *see* Ex. B, involving surgery for Cigna insured / SCV patient B.L.R. and involving CPT Code 22899, Cigna honored the LOA; *i.e.*, paid out 50% on the 22899 code(s). *Because again, there was / is absolutely nothing experimental / investigational about the procedure involved with 22899, at the very least according to Cigna's clinical guideline (which is really all that matters).*

22. As it relates to the June 15, 2016, LOA, *see* Ex. B, involving surgery for Cigna insured / SCV patient A.S. and involving CPT Code 22899, Cigna honored the LOA; *i.e.*, paid out 50% on the 22899 code(s). *Because again, there was / is absolutely nothing experimental / investigational about the procedure involved with 22899, at the very least according to Cigna's*

---

[3] If this case somehow gets into the medical weeds (*i.e.*, somehow gets past Cigna's multiple prior concessions that there was / is nothing experimental / investigational about the procedures coded as 22899), which it absolutely should not (this case should end immediately on Cigna's prior LOA and related claim payment conduct), there are plenty of journal and / or peer review reports attesting to the non-experimental / non-investigational nature of Deuk Laser Disc Repair (22899).

5

*clinical guideline (which is really all that matters).*

23.     As it relates to the June 24, 2016, LOA, *see* Ex. B, involving surgery for Cigna insured / SCV patient R.C. and involving CPT Code 22899, Cigna honored the LOA; *i.e.*, paid out 50% on the 22899 code(s). *Because again, there was / is absolutely nothing experimental / investigational about the procedure involved with 22899, at the very least according to Cigna's clinical guideline (which is really all that matters).*

24.     As it relates to the July 12, 2016, LOA, *see* Ex. B, involving surgery for Cigna insured / SCV patient T.C. and involving CPT Code 22899, Cigna honored the LOA; *i.e.*, paid out 50% on the 22899 code(s). *Because again, there was / is absolutely nothing experimental / investigational about the procedure involved with 22899, at the very least according to Cigna's clinical guideline (which is really all that matters).*

25.     As it relates to the July 12, 2016, LOA, *see* Ex. B, involving surgery for Cigna insured / SCV patient S.N. and involving CPT Code 22899, Cigna honored the LOA; *i.e.*, paid out 50% on the 22899 code(s). *Because again, there was / is absolutely nothing experimental / investigational about the procedure involved with 22899, at the very least according to Cigna's clinical guideline (which is really all that matters).*

26.     By facsimile dated May 9, 2018, SCV sent Cigna a completed "IRO (Independent Review Organization) Review and Release Form."

27.     By letter dated May 16, 2018, Cigna acknowledged that it received the IRO request form from SCV in relation to J.Q.

28.     By facsimile dated May 18, 2018, SCV sent a follow-up to the IRO request.

29.     By letter dated May 25, 2018, Cigna notified SCV that the IRO request had been received and that Cigna was sending the necessary documentation to the IRO "randomly selected

to review [J.Q.'s] case."

30. By letter dated October 25, 2018, SCV sent a follow up letter that read:

> By way of letter dated May 18, 2018, we submitted a request for IRO / external review concerning the above-referenced matter and advised that we would submit an external review package within a couple weeks thereafter. On May 25, 2018, however, we received correspondence from the carrier advising, among other things, that our IRO / external review request would be sent to MCMC, that we would be advised whether or not MCMC accepted our IRO / external review request, and that we would be advised as to how to send our additional materials to MCMC. To date, we have not received any such correspondence from the carrier or MCMC.
>
> Please immediately advise as to whether there will be an external review and how we are to send additional materials to MCMC, or whether the carrier wishes for us to sue it instead. Should the carrier unwisely elect the latter, we reserve the right to introduce into litigation evidence the additional materials that would have been introduced into the administrative record by way of IRO / external review.

31. By letter dated November 20, 2018, Cigna incorrectly labeled the October 25, 2018, letter as an "external review appeal request" and confusingly stated that "[t]his appeal has already been through the external review process and Cigna's coverage decision was upheld."

32. SCV has suffered significant financial harm no matter how one slices this situation – the subject LOA, for example, absolutely bound Cigna to pay 50% of the subject CPT Code 22899 because Cigna's clinical guideline absolutely did not deem such experimental / investigational and, even if such guideline did so, Cigna's prior LOA conduct and related payments (Ex. B) would have waived any ability Cigna may have had to wield (and / or Cigna would be estopped from wielding) the experimental / investigational notion against SCV in relation to the subject LOA (Ex. A) / subject 22899 codes / subject 50% flat payment rate.

33. SCV exhausted the pre-suit administrative processes in an effort to accomplish Cigna's doing the right thing (*i.e.*, honoring the LOA, Ex. A) sans litigation, to no avail. Hence, this lawsuit as SCV's last resort.

## COUNT I – BREACH OF CONTRACT

SCV re-alleges Paragraphs 1 through 33 as if fully set forth herein, and further alleges as follows.

34. At all material times to this action, the LOA was a binding and enforceable contract under the laws of the State of Florida – there was an offer (Cigna's offer to pay SCV a flat 50% rate on 22899 codes) and an acceptance (SCV's agreement to perform laser disc surgery on Cigna insured patients in exchange for Cigna's promise to pay SCV 50% of billed 22899 charges for same). The consideration was evident – Cigna insureds received Deuk Laser Disc Repair, and SCV was to receive 50% payment on those 22899 codes. And there was performance (in reliance on the LOA) – SCV operated on J.Q. in August 2016 pursuant to the subject LOA (Ex. A).

35. The subject medical services should have been paid at a "Flat Rate 50% Discount off Billed Charges," just as Cigna had done for several prior 2016 LOA-related surgeries involving laser disc surgery (CPT Code 22899) performed by SCV on Cigna insureds. *See* Ex. B.

36. By the terms of the LOA (and pursuant to Florida Law regardless), Cigna had a duty to pay SCV 50% for the 22899 procedure performed on J.Q. in August 2016 (in relation to J.Q.'s lumbar region), just as Cigna had done in relation to J.Q. in March 2016 (in relation to J.Q.'s cervical region).

37. Cigna failed SCV in these regards (most notably with respect to its failure to pay the due and owing 50% agreed upon rate for the J.Q. August 2016 22899 procedure), which breached the LOA and / or violated Florida law.

38. As a direct, foreseeable, and proximate result of Cigna's breach of its obligations under the LOA, SCV has suffered and continues to suffer damages.

39. As a further result of Cigna's refusal to tender the 50% flat payment rate to SCV as

prescribed by the subject LOA (Ex. A), SCV has been forced to retain legal counsel to represent it in this matter and is accordingly entitled to recover reasonable attorneys' fees and costs pursuant to Section 627.428 of the Florida Statutes or as otherwise awardable.

WHEREFORE, Plaintiff, Surgery Center of Viera, LLC, requests the entry of judgment against Defendant, Cigna Health and Life Insurance Company, for liability and for damages including, but not limited to, past-due contractual / LOA monies, attorneys' fees pursuant to Section 627.428 of the Florida Statutes or as otherwise awardable, costs incurred bringing this action, and for such other relief as this Court deems equitable, just, and / or proper.

## COUNT II – UNJUST ENRICHMENT

SCV re-alleges Paragraphs 1 through 33 as if fully set forth herein, and further alleges as follows.

40. SCV conferred a direct benefit upon Cigna by providing Cigna's insured (J.Q.) with medical services to which J.Q. was entitled.

41. Cigna voluntarily accepted and received the benefit conferred by SCV, with the knowledge that SCV expected to be paid for the subject 22899 codes (laser disc surgery).

42. Cigna has not paid SCV the value of the benefit conferred by SCV; indeed, Cigna has paid SCV $0.00 for the August 2016 J.Q. surgery.

43. Cigna's non-payment results in a windfall for Cigna, with the glaring example of same being Cigna's enjoying the receipt of the valuable medical services rendered to J.Q. for free. Other examples in the windfall vein might include the following: (a) the carrier's enjoyment of unearned premiums, (b) the carrier's enjoyment of an unearned profit (the withheld medical bill monies themselves, but also interest and / or investment returns on same), and / or (c) level-funded profits (*i.e.*, Cigna's annual profit sharing with insurance plans whom Cigna saves money *via* claim

9

denials).

44.     It is unjust under the circumstances for Cigna to not pay SCV for the J.Q. August 2016 laser disc lumbar surgery.

45.     SCV has no other adequate remedy other than this lawsuit to address the injuries it has suffered as a result of Cigna's refusal to pay SCV for the August 2016 J.Q. surgery.

46.     As a further result of Cigna's refusal to pay SCV for the subject J.Q. surgery, SCV has been forced to retain legal counsel to represent it in this matter and is accordingly entitled to recover its reasonable attorneys' fees and costs pursuant to Section 627.428 of the Florida Statutes or as otherwise awardable.

WHEREFORE, Plaintiff, Surgery Center of Viera, LLC, requests the entry of judgment against Defendant, Cigna Health and Life Insurance Company, for liability and for damages including, but not limited to, past-due monies owed by Cigna to SCV in relation to the August 2016 J.Q. surgery, attorneys' fees pursuant to Section 627.428 of the Florida Statutes or as otherwise awardable, costs incurred bringing this action, and for such other relief as this Court deems equitable, just, and / or proper.

## COUNT III – QUANTUM MERUIT

SCV re-alleges Paragraphs 1 through 33 as if fully set forth herein, and further alleges as follows.

47.     SCV conferred a direct benefit upon Cigna by providing Cigna's insured (J.Q.) with medical services to which J.Q. was entitled.

48.     SCV billed Cigna a very reasonable charge for the subject medical services. The billed charges represent the fair market value (better than the fair market value, actually) of the services rendered.

49. Cigna received the bill from SCV, but the carrier has wrongly refused to pay SCV for the services.

50. SCV is entitled to reasonable compensation for the services; *i.e.*, quantum meruit.

51. The circumstances are such that it would be inequitable for Cigna to retain the benefit of the subject medical services without paying SCV the proper value for same.

52. SCV has no other adequate remedy other than this lawsuit to address the injuries it has suffered as a result of Cigna's refusal to pay SCV for the medical services rendered to J.Q. in August 2016.

53. As a further result of Cigna's refusal to pay SCV for the medical services rendered to J.Q. in August 2016, SCV has been forced to retain legal counsel to represent it in this matter and is accordingly entitled to recover its reasonable attorneys' fees and costs pursuant to Section 627.428 of the Florida Statutes or as otherwise awardable.

WHEREFORE, Plaintiff, Surgery Center of Viera, LLC, requests the entry of judgment against Defendant, Cigna Health and Life Insurance Company, for liability and for damages including, but not limited to, past-due monies owed by Cigna to SCV in relation to the August 2016 J.Q. surgery, attorneys' fees pursuant to Section 627.428 of the Florida Statutes or as otherwise awardable, costs incurred bringing this action, and for such other relief as this Court deems equitable, just, and / or proper.

**COUNT IV – VIOLATION OF SECTION 627.64194 OF THE FLORIDA STATUTES**

SCV re-alleges Paragraphs 1 through 33 as if fully set forth herein, and further alleges as follows.

54. Cigna is an insurer governed by Chapter 627 of the Florida Statutes.

55. SCV provided nonemergency services to J.Q. in August 2016. The services are

covered services pursuant to Section 627.64194 of the Florida Statutes.

56. SCV billed Cigna, specifying the nature of the services in its claim submission package and the very reasonable charge for such services. The billed charges represent the fair market value (better than the fair market value, actually) of the services rendered.

57. Cigna improperly denied payment to SCV for services SCV rendered to J.Q.

58. Cigna is required, pursuant to Sections 626.64194(4) and 626.64194(5) of the Florida Statutes (both of which *via* Section 626.64194(4) refer to Section 641.513(5) in the following regard), to pay SCV for the subject medical services in an amount equal to the lesser of: (a) SCV's charges, (b) the usual and customary provider charges for similar services in the community where SCV provides services, or (c) *the charge mutually agreed to by SCV and Cigna within sixty days of SCV's claim submission.*

59. Cigna's claim denial does not satisfy Sections 626.64194(4) and 626.64194(5).

60. Cigna has failed to comply with Section 627.64194 of the Florida Statutes by denying payment to SCV, let alone payment at the mutually agreed upon rate set forth in the LOA (Ex. A) for the subject medical services.

61. SCV has no other adequate remedy other than this lawsuit to address the injuries it has suffered as a result of Cigna's refusal to pay SCV for the August 2016 J.Q. surgery.

62. As a further result of Cigna's refusal to pay SCV, SCV has been forced to retain legal counsel to represent it in this matter and is accordingly entitled to recover its reasonable attorneys' fees and costs pursuant to Section 627.428 of the Florida Statutes or as otherwise awardable.

WHEREFORE, Plaintiff, Surgery Center of Viera, LLC, requests the entry of judgment against Defendant, Cigna Health and Life Insurance Company, for liability and for damages

including, but not limited to, past-due monies owed by Cigna to SCV in relation to the August 2016 J.Q. surgery, attorneys' fees pursuant to Section 627.428 of the Florida Statutes or as otherwise awardable, costs incurred bringing this action, and for such other relief as this Court deems equitable, just, and / or proper.

## JURY DEMAND

63. Plaintiff, Surgery Center of Viera, LLC, demands a trial by jury on all issues so triable as a matter of right.

Dated this 9th day of August, 2019.

Respectfully Submitted,

**CALLAGY LAW, P.C.**
1900 N.W. Corporate Blvd., Ste 310W
Boca Raton, Florida  33431
(561) 405-7966 (o); (201) 549-8753 (f)

/s/ Jeffrey L. Greyber
**Jeffrey L. Greyber, Esq.**
Fla. Bar No. 41103
**Ciara E. Lister, Esq.**
Fla. Bar No. 1015511
jgreyber@callagylaw.com
clister@callagylaw.com
hcasebolt@callagylaw.com
*Attorneys for Plaintiff*